# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JON PAUL REID, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 16-0067-CV-W-GAF-P |
| vs. ) | |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

### OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
### AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Southeast Correctional Center in Charleston, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2011 convictions and sentences for first-degree statutory rape, first-degree child molestation, and first-degree endangering the welfare of a child, which were entered in the Circuit Court of Boone County, Missouri. Petitioner's convictions were affirmed on direct appeal. Doc. 7-7. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was denied following an evidentiary hearing (Doc. 7-9, pp. 30-38) and that denial was affirmed on appeal therefrom (Doc. 7-12).

### Statement of Facts

In affirming Petitioner's convictions, the Missouri Court of Appeals, Western District, set forth the following facts:

> In the fall of 2008, A.R. was ten years old and living in a trailer in Boone County with her natural mother, M.R.; her adoptive father, Reid; and her four brothers. Around this time, Reid began sexually abusing A.R. Reid would frequently have A.R. take her clothes off and would then masturbate in front of her. The abuse also included oral sex and vaginal intercourse.

In June 2009, because Reid and M.R. were having marital problems, Reid, A.R., and A.R.'s brothers traveled to Texas to stay with Reid's sister. While in Texas, Reid continued to sexually abuse A.R. Reid would take A.R. into the bathroom when nobody was home and have A.R. pose naked while he masturbated. On a few other occasions, when Reid took A.R. with him to run errands, he pulled the vehicle over and forced her to perform oral sex on him and attempted to penetrate her. When Reid's attempts at intercourse were unsuccessful, he rubbed his penis on A.R.'s vagina until he ejaculated.

After a few weeks in Texas, Reid and the children moved to Arkansas. While in Arkansas, in addition to the same abuse that took place in Missouri and Texas, Reid took showers with A.R and attempted anal penetration. On one occasion, while in the shower, Reid made A.R. urinate on him. Eventually, A.R. began sleeping with Reid in the master bedroom. A.R. testified that she did not tell anyone about the abuse because Reid threatened to commit suicide if she told anyone.

Following a custody hearing in the spring of 2010, Reid was awarded temporary custody of all five children and M.R. was awarded visitation rights. In May 2010, pursuant to the temporary visitation order, A.R. and her brothers returned to Missouri to stay with M.R. for the summer. A few days after returning to Missouri, A.R. disclosed to M.R. and two of her brothers ("Older Brother" and "Younger Brother") that Reid had been abusing her since 2008. A.R. described multiple incidents of abuse that occurred in Missouri, Texas, and Arkansas. M.R. contacted the child abuse hotline and later took A.R. to a child advocacy center for a forensic interview.

On September 24, 2010, Reid was charged with one count of statutory rape in the first degree, Section 566.032, one count of child molestation in the first degree, Section 566.067, and one count of child endangerment in the first degree, Section 568.045, for the acts of sexual abuse he committed against A.R. in Boone County between June 10, 2008, and June 9, 2009.

Prior to trial, the circuit court denied Reid's motion in limine to exclude, in pertinent part, evidence concerning the sexual abuse that occurred in Texas and Arkansas. At trial, A.R. testified with respect to the various incidents of sexual abuse by Reid in Boone County, Texas, and Arkansas. M.R., Older Brother, and Younger Brother also testified as to what A.R. told them Reid had done. Additionally, Older Brother testified that, while living in Arkansas, he saw Reid sleeping shirtless with A.R. with his arms wrapped around her. Younger Brother testified that on a few occasions he observed A.R. and Reid spending time together in the bathroom with the door locked. Younger Brother also testified that he once heard A.R. crying during the night in Reid's bedroom. After the State called all of its witnesses, it played a videotape of A.R.'s forensic interview for the jury. Reid did not object to any of this evidence.

> Reid did not testify; however, he presented testimony from his mother, his sister, and three employees from A.R.'s elementary school. As presented through his opening statement, testimony of his own witnesses, cross-examination, and closing argument, Reid's defense theory was that M.R. made A.R. fabricate the abuse in an attempt to gain custody of her children.

Doc. 7-7, pp. 3-4.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is Petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because Petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## Discussion

Petitioner's sole ground of relief alleges that trial counsel was ineffective during plea negations for failing to adequately advise Petitioner of the evidence that the State would present against Petitioner and what evidence trial counsel would present on Petitioner's behalf. Doc. 1, p. 5. Petitioner contends that trial counsel told Petitioner that he would introduce into evidence "twenty-nine items" which "would refute or contradict statements and allegations made by the State's witnesses" but failed to do so. *Id*. Petitioner contends that he rejected the State's offer based on trial counsel's representations. *Id*. Respondent contends that Petitioner's ground for relief is without merit. Doc. 7, p. 3.

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

In order for Petitioner to successfully assert a claim for ineffective assistance of counsel, Petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

To satisfy the prejudice prong, Petitioner must show that there is a reasonable probability that, but for counsels unprofessional errors, the result of the proceedings would have been different. *Id.* at 694. This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*." *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

In affirming the denial of post-conviction relief, the Missouri Court of Appeals, Western District, set forth the *Strickland* standard and denied Petitioner's ground for relief as follows:

> In denying Reid's motion, the motion court observed that Reid was the only witness to testify at the evidentiary hearing and that he did not present trial counsel's testimony. The motion court further observed that Reid did not introduce any of the evidence he claims counsel should have admitted at trial and that "many of the pieces of evidence that [Reid] claims should have been admitted were either discussed during various witnesses' testimony or were admitted at trial."
>
> The motion court concluded, "[W]ithout calling trial counsel, this Court must assume that trial counsel's actions were reasonable and that he made strategic decisions regarding each of these alleged pieces of evidence." The motion court found Reid's "testimony to be not credible." It also specifically

4

found that Reid's "testimony that he would have accepted the State's plea offer to be not credible." Finally, the motion court concluded that Reid "did not establish by any credible evidence that his counsel failed to adequately advise him as to the evidence against him or the risks of trial." It found that Reid was "simply expressing 'buyer's remorse.'"

The motion court's finding and conclusions were not clearly erroneous. In his amended motion, Reid alleged that counsel told him "he could not be convicted on the prior inconsistent statements" of prosecution witnesses and "he could prevail at trial with the depositions alone." He further alleged counsel made representations that he would introduce certain evidence at trial and that he was "led to believe that with the above evidence, he would prevail at trial." Reid's testimony was the only evidence presented at the evidentiary hearing to support these allegations. The motion court, however, found Reid's testimony was not credible, and this court "defers to the motion court's determination of credibility." *Id.* Reid did not present at the evidentiary hearing the evidence that he claims should have been admitted at trial, and he concedes that some of it was referenced at trial or admitted into evidence. Furthermore, counsel did not testify about the advice he gave Reid before trial. . . . . Reid's testimony was not credible, and no other evidence established that counsel assured him that the evidence would be admitted or that he would prevail at trial. Reid failed to overcome the presumption that trial counsel's conduct was reasonable and effective and failed to prove his allegations of deficient performance by a preponderance of the evidence. *See State v. Kreutzer*, 928 S.W.2d 854, 874-75 (Mo. banc 1996) (where movant offered no evidence at evidentiary hearing as to why counsel failed to object to testimony, movant failed to demonstrate that counsel's failure to object was not valid trial strategy); *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996) (by failing to present any evidence regarding counsel's failure to object to prosecutor's statement during closing argument, movant did not overcome presumption that the failure to object was a strategic choice by competent counsel); *State v. Booker*, 945 S.W.2d 457, 459 (Mo. App. W.D. 1997) (where movant relied only on trial transcript and did not call counsel at evidentiary hearing to seek an explanation for absence of objections, movant did not rebut strong presumption that counsel rendered adequate assistance and provided the motion court no basis for concluding that counsel did not have a strategic purpose in deciding not to object). The motion court did not clearly err in denying Reid's motion for postconviction relief. The point is denied.

Doc. 7-12, pp. 7-9.

In holding that Petitioner's claims of ineffective assistance of trial counsel did not merit post-conviction relief, the state appellate court identified and applied reasonably the *Strickland* standard. *Id*. Insofar as the state courts found that Petitioner's testimony lacked credibility,

5

credibility determinations are left for the state court to decide. *Graham*, 728 F.2d at 1540.

Because the state courts' determinations as to Petitioner's ground for relief did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2), Petitioner sole ground for relief will be denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, Petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Gary A. Fenner  
GARY A. FENNER  
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 28, 2016.